# United States District Court
## For The District of Columbia

UNITED STATES OF AMERICA

v.

FARZAD DARUI

DOB:

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

**FILED**
OCT 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER: 06 - 434 - M - 01

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  Between in or about  April 2001 through in or about October 2004  in Washington, D.C., defendant(s) did, (Track Statutory Language of Offense)

   devise and participate in a scheme to defraud and to obtain money and property through materially false representations, pretenses and promises and for the purpose of executing said scheme and attempting to do so did cause to be sent, delivered and moved by United States Postal Service, mail matter including monthly bank statements and returned or cancelled checks,

in violation of Title   18   United States Code, Section(s) 1341

I further state that I am  Brian Crews, Special Agent Federal Bureau of Investigation ,

and that this complaint is based on the following facts:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Signature of Complainant

AUSA, Ronald W. Sharpe
Sworn to before me and subscribed in my presence,

Brian Crews, Special Agent
Federal Bureau of Investigation

OCT 1 2 2006
Date
DEBORAH A. ROBINSON
U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

at    Washington, D.C.
           City and State

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Brian L. Crews, a Special Agent with the United States Federal Bureau of Investigation ("FBI"), being duly sworn, do depose and state as follows in support of a warrant for the arrest of FARZAD DARUI ("DARUI"), Social Security Number ███████ Date of Birth ███

## INTRODUCTION

1.  I am a Special Agent with the FBI assigned to the Washington Field Office. I have been employed by the FBI as a Special Agent for almost twelve years. I have received training in general law enforcement and conducting criminal financial investigations, and I have participated in criminal investigations to include violations related to mail fraud and interstate transportation of stolen or fraudulently obtained property. I am currently assigned to the FBI's Corporate/Securities Fraud Squad at Washington Field Office, which has investigative responsibility over white collar and economic crimes, including mail fraud, bank fraud, interstate transportation of stolen or fraudulently obtained property and related crimes in, among other jurisdictions, the Washington D.C. Metropolitan area. I am the case agent for this investigation into the following possible federal criminal violations: Mail fraud (18 U.S.C. § 1341) and interstate transportation of stolen or fraudulently obtained property (18 U.S.C. § 2314).

2.  The facts and information contained in this affidavit are based on my personal knowledge and observations, my review of records and documents obtained during this investigation, information received from other individuals and other law enforcement officers, and information gained through my training and experience. This affidavit does not set forth all the information known to the FBI about this case and is being submitted solely for the purpose of providing sufficient information to establish probable cause for the arrest of DARUI.

3.      Based upon the investigation described below, I submit that there exists probable cause to believe that DARUI has engaged in mail fraud, in violation of Title 18, United States Code, Section 1341. In a continuing course of conduct over the period from at least in or about April 2001 though in or about October 2004, DARUI engaged in a scheme to defraud and, thereby, obtained at least $374,000 in funds to which he was not entitled from his employer in the District of Columbia.

## STATEMENT OF FACTS SUPPORTING PROBABLE CAUSE

4.      A search of the Choicepoint and Lexis/Nexis data bases, and a review of records from the Department of Motor Vehicles for the Commonwealth of Virginia reveals that DARUI lives at 3433 Malbrook Drive, Falls Church, Virginia.

5.      At all relevant times, DARUI was the business manager for the Islamic Center (the "Center") located at 2551 Massachusetts Avenue, NW, Washington, D.C. DARUI maintained an office within the Center.

6.      A search of the records of the State Corporation Commission for the Commonwealth of Virginia ("State Corporation Commission") reveals that, at all relevant times, in addition to his employment at the Center, DARUI was the Resident Agent, Chief Executive Officer and Director of Zaal, Inc. The address of Zaal, Inc. is listed with the State Corporation Commission as 3433 Malbrook Drive, Falls Church, Virginia.

7.      Moreover, a search of the records of the State Corporation Commission reveals that, at all relevant times, DARUI was the Resident Agent and President of Blue Line Travel, Inc. The address of Blue Line Travel, Inc. is listed with the State Corporation Commission as 5613 Leesburg Pike, Suite 21, Falls Church, Virginia.

8. As the business manager for the Center, DARUI received mail and gathered invoices received from various vendors and creditors of the Center. Thereafter, DARUI was responsible for writing checks to the respective vendors and creditors from a Center bank account at Bank of America. DARUI would then take the checks and the corresponding invoices to the Center's Director for approval of payment. When payment of the various invoices was approved, the Director, who was the only authorized signatory on the Center's bank accounts, would sign the checks. Thereafter, copies of the invoices and the original checks would be made, and Darui was responsible for mailing the checks, via the United States Postal Service, to the appropriate vendor or creditor.

9. It appears that in many instances, instead of sending payment to the Center's vendors and creditors, DARUI altered the payee line of the signed checks by substituting the name of the approved vendor or creditor with one of the following entities: (1) Zaal Corporation; (2) Zaal Incorporated; (3) Zaal Management Corporation; (4) Zaal Management Incorporated; (5) Zaal Property Management, Inc. (6) Zaal Service Inc.; (7) Zaal, Inc.; (8) Zaal Inc. Management Incorporated; and (9) Zaal, Incorporated (collectively referred to herein as the "Zaal entitites").

10. The altered checks in the names of the Zaal entities appear to have been deposited into a bank account at United Bank in the name of Zaal, Inc. Specifically, the backs of the checks were stamped "For Deposit Only" and "Zaal, Inc." The backs of the checks also bore "United Bank" stamps.

11. I have reviewed account statements and account opening documents for an account at United Bank in the name of Zaal, Inc. (account number 4324-4295 ). That bank account was opened by DARUI in Arlington, Virginia, on August 13, 2001. At all relevant times, United Bank's

deposits were cleared in Charleston, West Virginia. In the account opening documents, DARUI listed the address of Zaal, Inc. as 3433 Malbrook Drive, Falls Church, Virginia. Bank records also reveal that DARUI had sole signatory authority over the Zaal, Inc. checking account.

12. I have compared the altered checks in the names of the Zaal entities with the account statements for the Zaal, Inc., account at United Bank for the years 2002 and 2003. This comparison reveals that the dollar amount of several deposits made in the United Bank account in the name of Zaal, Inc., exactly match the dollar amount of altered checks made payable to the Zaal entities. Moreover, these checks appear to have been written days before they were deposited in the Zaal, Inc., account at United Bank.

13. I have also reviewed copies of many of the deposits made in the bank account of Zaal, Inc., at United Bank in 2004. This review shows that between February and October 2004, a total of at least five checks from a Center bank account at Bank of America were deposited in the Zaal, Inc., account at United Bank. These five checks, in the aggregate amount of $15,335.11, were originally made payable to various vendors or creditors of the Center, including Pepco and CNA. However, the payee lines were altered, and the payee at the time of deposit was one of the Zaal entities.

14. In addition, I have compared copies of the original checks, authorized by the Director of the Center, with the altered checks that were processed by Bank of America after they were deposited in the Zaal, Inc., bank account at United Bank. This comparison reveals that between January 2002, and September 2004, a total of about forty-eight checks in the aggregate amount of $115,846.37 were originally made payable to various vendors and creditors of the Center, such as Travelers and CNA. These checks appear to have been altered and made payable to one of the Zaal

entities. All of these checks appear to have been deposited into the bank account at United Bank in the name of Zaal, Inc.

15. It also appears that in many instances, instead of sending payment to the Center's vendors and creditors, DARUI altered the payee line of the signed checks by substituting the name of the approved vendor or creditor with one of the following entities: (1) B.L.T. Incorporated; (2) B.L.T. LLC.; (3) B.L.T. Service Corporation; (4) B.L.T. Services Corporation; (5) B.L.T. Services, Inc.; (6) BLT Co. Inc.; (7) BLT Corporation; (8) BLT Inc.; (9) BLT Incorporated; (10) BLT Service, L.L.C.; (11) BLT Services Corporation; (12) BLT Travel Service Corporation; (13) BLT Travel Services, Inc.; (14) BLT, Inc.; (15) Blue Line Inc.; (16) Blue Line Incorporated; (17) Blue Line Services, Inc.; (18) Blue Line Travel; (19) Blue Line Travel Corporation; (20) Blue Line Travel Inc.; (21) Blue Line Travel Incorporated; (22) Blue Line Travel Services; (23) Blue Line Travel, Inc.; (24) Blue Line Travel, Incorporated; (25) Travel Service Inc.; (26) Travel Services Corporation; and (27) Travel Services Incorporated (collectively referred to herein as the "Blue Line entities").

16. The altered checks in the names of the Blue Line entities appear to have been deposited into a bank account at First Union Bank (a predecessor bank to Wachovia Bank). Specifically, the backs of the checks were stamped "For Deposit Only" and bore "First Union Bank" stamps. Most of the checks appear to be endorsed in the name of one of the Blue Line entities.

17. I have reviewed Department of the Treasury Currency Transaction Reports for account number 2000073615132 at First Union/Wachovia Bank. This account is in the name of Blue Line Travel Inc. The listed address of Blue Line Travel Inc., is 5613 Leesburg Pike, Suite 21, Falls Church, Virginia. The person who performed the reported transactions is "Farzai Darui" of 3433 Malbrook Drive, Falls Church, Virginia.

18.     In order to conceal the fact that he was altering the payee line of the Center's checks, DARUI caused Bank of America to mail via the United States Postal Service monthly statements and processed checks from the Center's bank account to a post office box in Washington D.C. (P.O. Box 53188) that he had previously opened in the name of the Islamic Center without the knowledge or consent of the Director or anyone else at the Center.  Notably, on his application for P.O. Box 53188, DARUI listed the address of the Islamic Center as 3433 Malbrook Drive, Falls Church, Virginia.

19.     The Director of the Center had never authorized or signed a check on behalf the Center payable to either Zaal entities or Blue Line entities.  Furthermore, the Director stated that the Center had never done business with either Zaal entities or Blue Line entities.

## **CONCLUSION**

WHEREFORE, your affiant respectfully submits that there exists probable cause to believe that FARZAD DARUI has violated Title 18, United States Code, Section 1341 (Mail Fraud) and respectfully requests that the Court issue a warrant for his arrest.

The statements above are true and accurate to the best of my knowledge and belief.

_____
Brian L. Crews,
Special Agent
Federal Bureau of Investigation

Sworn to before me this _____ day of October 2006.

_____
United States Magistrate Judge